IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01126-WDM-CBS

MICHAEL DOYLE,
    Plaintiff,
v.

SGT. CELLA,
C.O. REYES,
LT. KEN TOPLISS,
LT. FAZZINO,
CASE MANAGER EVANS,
MAIL ROOM R. VIOLA,
LT. TOLLIS,
ASSOCIATE WARDEN FOSHEE, and
WARDEN ABBOTT,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Doyle's "Motion for Appointment of Counsel" (filed October 31, 2007) (doc. # 30); and (2) Mr. Doyle's "Motion Requesting Et. Al [sic]" (filed October 31, 2007) (doc. # 32). Pursuant to the Order of Reference dated August 20, 2007 (doc. # 13) and the memorandum dated October 31, 2007 (doc. # 33), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or

"coercive appointments of counsel."  *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Doyle's request for appointed counsel and all of the appropriate factors.  As a *pro se* litigant, Mr. Doyle is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Mr. Doyle has thus far adequately presented his claims unaided by counsel.  Mr. Doyle has not shown that the appointment of counsel would provide a substantial benefit to the court or the parties at this time.  The court is within its discretion in declining to request counsel to represent Mr. Doyle.

2.     Mr. Doyle requests the court to "allow him to list Defendants Sgt. Cella Et. Al from

this day forward in all motion need in this Civ. Act [sic]." Mr. Doyle cites no grounds or legal authority for his request. As identifying the Defendants as "et al." may not be appropriate in all circumstances, the court cannot grant Mr. Doyle's request.

Accordingly, IT IS ORDERED that:

1. Mr. Doyle's "Motion for Appointment of Counsel" (filed October 31, 2007) (doc. # 30) is DENIED.

2. Mr. Doyle's "Motion Requesting Et. Al [sic]" (filed October 31, 2007) (doc. # 32) is DENIED.

DATED at Denver, Colorado, this 31st day of October, 2007.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge