IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01126-WDM-KMT

MICHAEL DOYLE,

    Plaintiff,

v.

SGT. CELLA,
CO. REYES,
LT. KEN TOPLISS,
LT. FAZZINO,
CASE MANAGER EVANS,
MAIL ROOM R. VIOLA,
LT. TOLLIS,
ASSOCIATE WARDEN FOSHEE, and
WARDEN ABBOTT,

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 24) and Plaintiff's motions for preliminary injunction (Doc. Nos. 31, 61, 70, and 75). Jurisdiction is premised upon 28 U.S.C. § 1343 (2007)

## FACTUAL BACKGROUND

*1.   Facts*

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated by the Colorado

Department of Corrections ("DOC"). (Br. in Supp. of Mot. to Dismiss at 1 [hereinafter "Mot."] [filed October 18, 2007].) At all times relevant, he was housed at the Colorado Territorial Correctional Facility ("CTCF"). (*Id.*) Plaintiff names as Defendants Sgt. Cella; CO Reyes; Lt. Ken Topliss; Lt. Fazzino; Case Manager Evans; R. Viola; Lt. Tollis; Associate Warden Foshee; and Warden Abbott, all DOC employees. (Prisoner Compl. at 2–3 [hereinafter "Compl."].) Plaintiff asserts three claims for relief.

In Claim One, Plaintiff states he was denied due process when the DOC failed to afford him a disciplinary hearing. (*Id.* at 5.) Plaintiff asserts he was put on restricted privileges ("RP") due to his refusal to work in the kitchen. (*Id.*) Plaintiff states he was put into RP for "14 ½ months." (*Id.*) When asked about his hearing rights, he was told the DOC has an Administrative Regulation "that allows them to punish [him] for that long time without a hearing." (*Id.*) Plaintiff asserts disciplinary hearings are mandatory. (*Id.*) Plaintiff states he filed a grievance to the Notice of Charge, Case No. 061366, related to this incident. (*Id.*)

Although it is difficult to discern from Plaintiff's Complaint, it appears in Claim Two Plaintiff is alleging that Defendants Reyes and Cella made false reports upon which a disciplinary charge was made. (*Id.* at 7–8.) Plaintiff also appears to be asserting a claim that due process was not followed in the disciplinary hearing because Defendants Topliss and Fazzino, hearing officers, would not allow Plaintiff to present evidence of a videotape he alleges would have proven his innocence. (*Id.* at 7.) Plaintiff again refers to Case No. 061366 in relation to these issues. (*Id.*) Plaintiff also seems to be claiming that when he was placed in segregation Defendants Cella and Reyes "packed" his cell and destroyed some of his personal property. (*Id.*

2

at 8.) Plaintiff refers to Notice of Charge Case No. 061367 regarding this issue. (*Id.*) Plaintiff asserts another claim of false reporting against Defendant Cella related to Notice of Charge Case No. 060834. (*Id.* at 9.) Plaintiff alleges Defendant Cella deliberately instigated a situation to make it look like he was doing wrong, but it was a set up. (*Id.* at 10.) Plaintiff also asserts that the hearing officers refused to allow him to call witnesses to testify at the COPD hearing regarding this case. (*Id.*) Lastly, in Claim Two Plaintiff discusses another disciplinary case, Case No. 061437, in which he refused to return to the general population from segregation because segregation gave him protection from Defendants Cella and Reyes. (*Id.* at 11.) Plaintiff does not make any specific allegations related to disciplinary Case No. 061437.

Finally, in Claim Three, Plaintiff asserts he is being denied or refused mail and legal access. (*Id.* at 12.) Plaintiff states that two organizations attempted to send him "legal information" which was returned to the senders by Defendant Voila, the mail officer. (*Id.*) Plaintiff also complains that he mailed 30 or 40 letters to law firms and received either no response or the letters were returned to him "refused." (*Id.*) Plaintiff seeks money damages and injunctive relief. (*Id.* at 14.)

In August 2006, Plaintiff filed a lawsuit in Fremont County District Court against Sgt. Cella; Lt. Ken Topliss; Lt. Robert Fazzino, CO. Reyes; Gary Morgan Mental Health; Case Manager Evans; Associate Warden Randy Foshee; R. Viola; and Lt. Tollis.[1] (Mot. to Dismiss,

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The court will take judicial notice of the records contained in Fremont County District Court case number 06CV316, attached as Exhibits A-4, A-5, and A-6 to Defendants' Motion to Dismiss, as public records and may rely on those records in determining the motion to dismiss under Rule 12(b)(6) without converting the motion to a motion for

[hereinafter "Mot."] [filed October 18, 2007], Ex. A-4.) Defendants moved to dismiss Plaintiff's State Complaint, and on October 11, 2006, District Court Magistrate Robert Freeman granted the motion. (Mot., Ex. A-5 at 1, 10.) Plaintiff appealed the dismissal of the State Complaint, and the appeal was dismissed for lack of jurisdiction. (Mot., Ex. A-6.)

Defendants have moved for dismissal of Plaintiff's Prisoner Complaint on the bases that: (1) Plaintiff's challenges to his COPD convictions are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) *Res judicata* bars Plaintiff's suit; (3) placement on restricted privileges and temporary placement in segregation do not implicate the due process clause; (4) Plaintiff has failed to state constitutional claims regarding destruction and confiscation of his property; (5) Plaintiff has failed to state a legal access claim regarding his incoming and outgoing mail; (6) Plaintiff fails to allege a physical injury; and (7) Defendants are entitled to qualified immunity in their individual capacities. (Mot.)

## 2.     *Procedural History*

Plaintiff filed his Prisoner Complaint on July 3, 2007. (Compl.) Defendants filed their motion to dismiss on October 18, 2007. (Mot.) Plaintiff filed his response on October 29, 2007. (Reply to Defs.' Mot. To Dismiss § 1983 [hereinafter "Resp."].) Defendants filed their reply on November 15, 2007. (Reply in Supp. of Mot. to Dismiss [hereinafter "Reply"].) Plaintiff also

---

summary judgment. *See Locicero v. Leslie*, 948 F. Supp 10, 13 (D. Mass. 1996). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997) (A district court may review indisputably authentic copies of documents referred to in the complaint that are central to a plaintiff's claim without converting the motion to one for summary judgment.)

has filed four motions for preliminary injunction. (Doc. Nos. 31, 61, 70, and 75.) These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Because Michael Doyle appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  Further, the court is to make all reasonable inferences in the plaintiff's favor.  *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002).  In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1.     *Personal Participation*

Defendants assert that Defendants Doyle and Foshee are not liable in their supervisory capacities.  (Mot. at 6.)  *Alvarado* provides that "courts should look to the specific allegations in

6

the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

"A defendant cannot be liable under a respondeat superior theory in a section 1983 case." *Raile v. Ortiz*, No. 05-1345, 2006 WL 991102, at *2 (10th Cir. Apr. 17, 2006) (citing *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983)). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential). In addition, a denial of a grievance alone is insufficient to establish personal participation when constitutional violations are alleged. *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)). Furthermore, sending "correspondence [to the warden] outlining his

7

complaints . . . without more, does not sufficiently implicate the warden under § 1983." *Davis v. Arkansas Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004). *See Volk v. Coler*, 845 F.2d 1422, 1432 (7th Cir. 1988) (director of state agency did not personally participate in constitutional violation merely because he was aware of grievance); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.").

Upon a review of the Complaint, the only mention of either Defendant Abbott or Defendant Foshee is on page three, Plaintiff's description of the parties. (Compl. at 3.) On page three, the only allegation against Defendant Abbott is that he was "made aware of what staff was doing and ignored it." (*Id.*) The only allegation against Defendant Foshee is that he "denied all [Plaintiff's] Grievances as frivolous and petty on all the issues in [the Complaint]." (*Id.*) Neither defendant's name or title appears in any of the claims asserted by Plaintiff. Therefore, nothing in the Complaint is sufficient to establish liability against Defendant Abbott or Defendant Foshee, and these defendants are properly dismissed.

2.  *Claim Preclusion and Res Judicata*

Though sometimes used to refer to the narrower concept of claim preclusion, *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel. *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987). "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

*Res judicata*, under Colorado state law, "bars relitigation not only of all issues actually decided, but of all issues that might have been decided." *Pomeroy v. Waitkus*, 517, P. 2d 396, 399 (1974); *State Engineer v. Smith Cattle, Inc*., 780 P.2d 546, 549 (Colo.,1989). Since the underlying case arose in the state of Colorado, Colorado law will determine the limits of *res judicata*. "*Res judicata* constitutes an absolute bar only when there is in both the prior and subsequent suits identity of subject matter, identity of the cause of action, identity of parties to the action, and identity of capacity in the persons for which or against whom the claim is made." *City of Westminster v. Church,* 445 P.2d 52, 55 (1968).[2]

What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Restatement (Second) of Judgments* § 24 (1982).

One of the main policy considerations underlying *res judicata* is the interest in bringing litigation to an end. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir. 1997); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc*., 327 F. Supp. 2d 1252, 1258 (D. Kan. 2004). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen*, 333

---

[2]Federal law has almost identical requirements concerning the application of claim preclusion in the Tenth Circuit and requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp*., 186 F.3d 1222, 1226 (10th Cir. 1999).

U.S. 591, 597 (1948). *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 378 (1940); *John v. United States,* 77 Fed. Cl. 788, 818 (Fed. Cl. 2007). "By preventing repetitious litigation, application of *res judicata* avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Nwosun*, 124 F.3d at 1258.

The two cases at issue are nearly identical. The parties and subject matter are the same. Plaintiff states in his Complaint that the same defendants have been sued in both cases. (Compl. at 13.) The only additional defendant in this suit is Defendant Warden Abbott, against whom this court determined Plaintiff's claims should be dismissed for lack of personal participation. Plaintiff states in his Complaint that this action is based on the same issues as the previous state case. (*Id.*) In both lawsuits, Doyle asserts the following: that he was improperly placed on restricted privileges status in October 2005 without a hearing; that Defendant Viola interfered with his incoming and outgoing legal mail; that Defendants Cella and Reyes confiscated or destroyed some of his property; that he was improperly convicted of COPD violations due to false reports by Defendants Cella and Reyes; that he was not allowed to call witnesses in his COPD hearings; and that he was denied the right to present evidence of a videotape he alleges would have proven his innocence during one of his COPD hearings.

In his response to the motion to dismiss, Plaintiff provides a lengthy, twenty-two page, argument to every basis asserted by Defendants that this case should be dismissed, except for Defendants' argument that *res judicata bars* Plaintiff's suit. (*See* Resp.) The only statement Plaintiff makes in response to Plaintiff's *res judicata* argument is that "the 106(a)(4) [action in

10

state court] should not have been dismissed because of vague or frivolous issues when the Attorney General did plainly state in the motion to dismiss [regarding this case] that all these issues raised in this motion are in fact in that motion." (Resp. at 20.)

Plaintiff in this case is attempting to pick low-hanging fruit from the tree of jurisprudence and obtain the forbidden second bite of the apple. I therefore recommend that Plaintiff's Complaint be dismissed as barred by the principles of claim preclusion and *res judicata*.

Defendants also raise in their motion to dismiss several other bases upon which Plaintiff's claims should be dismissed. Although these assertions may well be meritorious, because the issue of claim preclusion and *res judicata* is so clear, this court will not address those issues as part of its recommendation for dismissal.

3.  *Plaintiff's Motion for Preliminary Injunction*

Plaintiff has filed four motions for preliminary and/or permanent injunction, but it is unclear what injunctive relief he is seeking. (*See* Doc. Nos. 31, 61, 70, and 75) Regardless, Plaintiff's motions should be denied.

A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

This court has recommended that Defendants' motion to dismiss be granted. Therefore, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits, one of the requirements for preliminary injunction. *ACLU*, 194 F.3d at 1155. Accordingly, Plaintiff's motions for preliminary and/or permanent injunction are properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that:

1. "Defendants' "Motion to Dismiss" (Doc. No. 24) be GRANTED, and that this case be dismissed in its entirety; and

2. Plaintiff's motions for preliminary injunction (Doc. Nos. 31, 61, 70, and 75) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of August, 2008

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge