IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01126-WDM-KMT

MICHAEL DOYLE,

    Plaintiff,

v.

SGT. CELLA, *et al.*,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on a recommendation of Magistrate Judge Kathleen M. Tafoya, issued August 21, 2008 (Docket No. 80), recommending that Defendants' motions to dismiss (Docket No. 24) be granted and Plaintiff's motions for preliminary injunctions (Docket Nos. 31, 61, 70, 75) be denied. Plaintiff filed a timely objection to the recommendation and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge

Tafoya's recommendation as modified.

Background

Plaintiff has been incarcerated at the Colorado Territorial Correctional Facility ("CTCF") at all times relevant to this action.  This action was filed pursuant to 42 U.S.C. § 1983 by Plaintiff and alleges three claims for relief.  Claim One alleges a violation of Plaintiff's right to due process because Plaintiff was placed on restricted privilege ("RP") status for fourteen and a half months without being provided a disciplinary hearing.  Claim Two alleges (1) one of Plaintiff's disciplinary charges for advocating or creating a facility disturbance was based on false reports submitted by Sergeant Cella ("Cella") and Correctional Officer Reyes ("Reyes"); (2) Cella and Reyes destroyed Plaintiff's property in his cell including his headphones and his prescription glasses; (3) Plaintiff was denied the ability to show a surveillance tape or call Cella or Reyes during his disciplinary hearing; (4) Plaintiff was placed in segregation pending the disciplinary hearing; and (5) Cella made additional false reports upon which another disciplinary charge was filed.  Claim Three alleges that he has been denied access to legal materials because the legal information he ordered was returned to sender for failure to include the sending attorney's name and registration number on the exterior of the package and the letters he has sent to various law firms were "refused."  Throughout his complaint, Plaintiff cites to numerous Colorado Code of Penal Discipline ("CPOD") cases although he does not necessarily specifically link his allegations to the results of those cases.

Pursuant to Colo. R. Civ. P. 106(a)(4), which provides relief in Colorado courts

"[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion", Plaintiff filed a claim in August 2006 in the Fremont County District Court ("District Court") (the "state court action"). This action named all defendants that are named in this suit except for Warden Abbott and was admittedly based on many of the same allegations that form the basis for Plaintiff's section 1983 claims in this case. The state court action did, however, allege additional bases for relief including attacks on his original conviction, First Amendment challenges, Fourth Amendment violation allegations, and potentially an attack on the entire prison disciplinary system. On October 11, 2006, the state court action was dismissed by a magistrate judge because (1) the state court lacked subject matter jurisdiction over all allegations that did not seek review of a specific COPD hearing because these allegations were not "judicial or quasi-judicial" as required to bring a complaint under Colo. R. Civ. P. 106(a)(4) and (2) the remainder of the complaint was unintelligible and failed to comply with Colo. R. Civ. P. 8 which requires a "short and plain statement of the facts." Plaintiff sought to appeal this decision but the appeal was dismissed for lack of jurisdiction because Plaintiff incorrectly appealed to the Colorado Court of Appeals rather than to the District Court as required by Colorado law for decisions by magistrate judges. *See* Colo. R. Mag. 7. Thereafter, in May 2007, Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983.

<u>Standard of Review</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the

complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1. <u>Defendants' Motion to Dismiss</u>

First, Magistrate Judge Tafoya recommends that the claims against Defendants Abbott and Foshee be dismissed because Plaintiff has failed to allege personal participation by these defendants. I agree. "[P]ersonal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citations omitted). Indeed, to be liable, "the supervisor must be personally 'involved in the constitutional violation,' and a 'sufficient causal connection' must exist between the supervisor and the constitutional violation." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Rios v. City of Del Rio*,

444 F.3d 417, 425 (5th Cir. 2006)). This means that the plaintiff must demonstrate that the supervisor "acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Id.*; *accord Jenkins v. Wood*, 81 F.3d 988, 994–95 ( "[T]he plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992))). Furthermore, conclusory allegations are not sufficient, *id.*, nor are allegations of mere negligence, *Serna*, 455 F.3d at 1151.

      In this case, the complaint's only mention of Defendants Abbott and Foshee is in the description of the parties, which alleges "Associate Warden Foshee denied all my Grievances as frivolous and petty on all the issues in this Document" and Warden Abbott "was made aware of what staff was doing and ignored it." (Compl. At 3.) These allegations are insufficient to establish an "sufficient causal connection" between the defendants and the alleged constitutional violations as they are no more than conclusory allegations, demonstrate nothing more than negligence at most, and do not demonstrate that the defendants acted with knowledge that a constitutional violation would occur. As Plaintiff's objections do not remedy this defect, but merely argue that Defendants Abbott and Foshee should be vicariously liable, all claims against Defendants Abbott and Foshee, if any, shall be dismissed.

      Magistrate Judge Tafoya also recommends that the complaint be dismissed on *res judicata* grounds because the District Court previously dismissed Plaintiff's state court action which was based on essentially the same grounds as the current one. I disagree. Res judicata bars a subsequent claim if four elements are met: "(1)

the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007) (citing *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).  In this case, the prior suit did not end with a final judgment on the merits as the state court action was dismissed for lack of jurisdiction and failure to comply with the state procedural rule. Indeed, "jurisdictional dismissals are not 'on the merits.'"  *See Park Lake Res. Ltd Liab. Co. v. USDA*, 378 F.3d 1132, 1136 (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983)).  Furthermore, I am not aware of any case the affords *res judicata* preclusive effect to a dismissal for failure to provide a short and plain statement of the case.   Therefore, I must address the other arguments set forth in Defendants' motion to dismiss.

Defendants argue that all claims relating to any COPD cases should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

> dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487 (emphasis in original). This rule applies whenever the decision would "implicitly question the validity of a conviction or duration of sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 754–55 (2004). Furthermore, the requirement is applicable to "challenges to punishments imposed as a result of prison disciplinary infractions." *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

In this case, as all of Plaintiff's challenges to his COPD cases implicate the validity of those convictions, they are barred by *Heck* as Plaintiff has not demonstrated that the convictions have been reversed, expunged, invalidated, or called into question by a writ of habeas corpus. I note that Plaintiff's convictions in the COPD cases affected the length of his sentence and/or imposed other punishment including loss of privileges. Plaintiff's response to the motion to dismiss merely sets forth with greater particularity the constitutional violations that he alleges occurred and does not argue that he has obtained favorable judgments for any of the COPD cases. Therefore, to the extent they seek damages, all claims that Plaintiff brings based on his COPD convictions shall be dismissed. These claims include that Plaintiff's disciplinary charges were based on false reports, that Plaintiff was denied the opportunity to show a surveillance tape or call witnesses at his hearing, and any other claim that Plaintiff makes by referencing the COPD cases.

Defendants next argue that Plaintiff's claims regarding being placed on RP status (Claim One) and being placed in segregation (part of Claim Two) must be

dismissed because Plaintiff has no liberty interest in remaining in the general population or in retaining any privileges during his incarceration. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Rather, a state "may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). To determine if a state has created such a liberty interest, a court must look to the "whether the condition imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484; *accord Wilkinson*, 545 U.S. at 223 (quoting *Sandin*, 515 U.S. at 484).

In this case, Plaintiff's response to the motion to dismiss alleges that he suffered "atypical and significant hardship" during his RP status and administrative segregation including (1) having his TV, lamp, fan, glasses, and headphones taken away; (2) being put in a punishment cell for fourteen and a half months; (3) being put in a punishment cell with "AIDS inmates" when he is not HIV-positive; (4) being put in a punishment cell with younger "want to be gang bangers"; (5) not being able to talk to other inmates; and (6) "being the Case Managers [sic] victim of Deliberate Indifference I became a target from other staff." (Docket No. 28 at 9–10.) Defendants argue that these allegations are insufficient to establish a liberty interest. I agree with Defendant.

First, with respect to administrative segregation, an inmate does not have an inherent liberty interest in remaining in the general population and avoiding being

placed in administrative segregation. *See Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006). Nonetheless, the duration and degree of the segregation may be so severe as to implicate the due process clause. *Id.* In this case, however, Plaintiff's allegations concerning his segregation are insufficient to demonstrate a liberty interest under *Sandin* as Plaintiff provides no specific information regarding the length or conditions of his placement in administrative segregation such that I may determine that they "imposed atypical or significant hardship."[1] *Sandin*, 515 U.S. at 484. Indeed, he alleges no more than he was placed in administrative segregation pending a disciplinary hearing—which has been held constitutional, *see Childs v. Novak*, 36 Fed. Appx. 364, 364 (10th Cir. 2002) (unpublished)[2] (determining that

---

[1] I note that the Tenth Circuit has determined that *sua sponte* dismissal of administrative segregation claims pursuant to 28 U.S.C. § 1915 is not appropriate without a detailed evaluation of how the plaintiff's confinement to administrative segregation compared to other inmates' confinement. *See Trujillo*, 465 F.3d at 1225 ("[A] district court errs in *sua sponte* dismissing a prisoner's due process claim under § 1915 if it does not have sufficient evidence before it to 'fully address both the duration and degree of the plaintiff's restrictions as compared with other inmates.'" (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999))); *Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir. 2002) ("Although the court might properly conclude at the summary judgment stage that there is sufficient evidence to establish that such segregation mirrors conditions imposed upon inmates in administrative segregation and protective custody, and that therefore the complaint should be dismissed, it is inappropriate to invoke § 1915(e) to dismiss the claim at this stage in the litigation without the benefit of any such evidence." (citing *Perkins*, 165 F.3d at 809)). There is no similar rule, however, regarding dismissals based on the defendants' motion to dismiss. Therefore, I conclude that it is proper to evaluate Plaintiff's claims regarding administrative segregation under the standard Rule 12(b)(6) even though there is insufficient evidence on the record to engage in a complete evaluation of Plaintiff's administrative segregation as compared to that of other inmates.

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

*Sandin* barred claim that placement in punitive administrative segregation pending a disciplinary hearing violated constitutional rights)—and that he was unable to speak to other inmates. These allegations are insufficient to demonstrate "atypical or significant hardship." *Sandin*, 515 U.S. at 484.

With respect to Plaintiff's placement on RP status for fourteen and a half months, I conclude that Plaintiff has also not demonstrated a liberty interest. First, I conclude that Plaintiff's liberty interests were not violated by restriction from possession his television, fan, lamp, glasses, and headphones while on RP status. "While an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison." *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (citations omitted). Therefore, restrictions regarding possessions in a cell do not implicate a liberty interest as the prison has the discretion to determine what property an inmate may possess in his cell. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (determining that prison regulations articulating what inmates could possess in their cell did not create a liberty interest in possessing those items under *Sandin*, 515 U.S. at 484). Furthermore, placement in a "punishment cell" with other inmates that Plaintiff does not like also does not implicate a liberty interest. Although there is a Fourth Amendment interest in being free from bodily harm, *see Cortez v. McCauley*, 478 F.3d 1108, 1125–26 (10th Cir. 2007) ("'[T]he interests protected by the Fourth Amendment are not confined to the right to be secure against physical harm; they include liberty, property, and privacy interests-a person's sense of security and individual dignity.'" (quoting *Holland ex rel.*

*Overdorff v. Harrington*, 268 F.3d 1179, 1196 (10th Cir. 2001))), Plaintiff has presented no specific allegations regarding a physical threat resulting from placement in "punishment cells" with the specified other inmates.

Defendants also argue that Plaintiff's claims regarding Cella and Reyes actions in his cell should be dismissed. First, they argue that if Plaintiff's claim is based on negligence, section 1983 does not provide a remedy. I agree as "'[l]iability under 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant,' and not on negligence." *Jojola v. Chavez*, 55 F.3d 488, 490 (1995); *accord Darr v. Town of Telluride*, 495 F.3d 1243, 1257 (10th Cir. 2007) ("Negligence is not a basis of liability under § 1983."). Second, Defendants argue that any claim based on intentional acts by Cella and Reyes must be dismissed because there is an adequate post-deprivation remedy available to Plaintiff. I agree. "The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 546 (10th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Colorado provides that a prisoner may sue a prison official for intentional deprivations of property. *See* Colo. Rev. Stat. § 24-10-105 (authorizing tort actions against public employees if their actions were "willful and wanton"). Therefore, I conclude that Plaintiff's claims based on any deprivation of property in his cell should be dismissed.[3]

Defendants' next argument is that Plaintiff's claim regarding legal access fails

---

[3] I note that it appears that Plaintiff did not respond to this argument in his brief. (*See* Docket No. 28.)

as he has not shown that he suffered any actual injury. "[T]he Fourteenth Amendment only guarantees the right of access to the courts." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10t Cir. 1996). Therefore, to sustain a claim for a Fourteenth Amendment violation, an inmate must that demonstrate that the denial of legal resources hindered his efforts to pursue a nonfrivolous legal claim. *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). Defendants argue that Plaintiff has failed to demonstrate that his ability to pursue a nonfrivolous claim was hindered by the return of the legal information sent to Plaintiff by the Center for Constitutional Rights and Alpine Legal Services. Plaintiff's only response to this argument is to state that the mail can be opened and read. However, this does not remedy the defect. Therefore, I conclude that Plaintiff's claim based on the rejection of Plaintiff's mailed legal information should be dismissed. Furthermore, I also conclude that Plaintiff's allegations that his outgoing mail was refused by the addressees fails to specify any conduct by any named defendant. As personal participation is necessary to state a claim under section 1983, these claims must also be dismissed. *See Mitchell v. Maynard*, 80 F.3d at 1441 (citation omitted).

Finally, I note that the remainder of Plaintiff's claims, if any, should be dismissed for failure to comply with Fed. R. Civ. P. 8(a). Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement and there appears to be no set of facts upon which relief may be granted. *Monument Builders of Greater Kan. City,*

*Inc. v. Am. Cemetery Ass'n*, 891 F.2d 1473, 1480 (10th Cir. 1989)); *accord Monroe v. Owens*, 38 Fed. Appx. 510, 513 (10th Cir. 2002) (unpublished) ("Under Rule 12(b)(6), a district court may dismiss with prejudice a complaint that fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of a 'short and plain statement of the claim' if there appears to be no set of facts on which the plaintiff may state a claim for relief." (quoting *Monument Builders*, 891 F.2d at 1480)); *Abdelsamed v. United States*, 13 Fed. Appx. 883, 884 (same). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing how a district court may articulate the requirements of Rule 8 to a lay person). In this case, although some claims for relief are discernable—all of which have been addressed *supra*—many other claims may be contained in the rather lengthy and meandering complaint. These claims for relief, however, are insufficient under Rule 8(a) as they are, at the very least, unspecific and difficult to discern from the complaint, and, therefore, shall be dismissed pursuant to Rule 12(b)(6). I note that this includes any claims based on his COPD convictions that seek anything other than damages because it is unclear what other relief Plaintiff seeks and any claims made pursuant to the First or Eighth Amendments as there are insufficient allegations supporting such claims.[4]

---

[4] I note that Defendants make a number of other arguments supporting dismissal including, *inter alia*, qualified immunity. However, as I conclude that dismissal of the entire complaint is appropriate on the grounds articulated, I need not address Defendants' other arguments.

2. Plaintiff's Motions for Preliminary Injunctions

Plaintiff has filed four motions for preliminary or permanent injunctions (Docket Nos. 31, 61, 70, 75). A preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). The decision to grant injunctive relief is a matter of discretion. *See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp.*, 500 F.3d at 1226 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). Additionally, if the movant can establish that the latter three requirements "tip strongly in his favor, the test is modified, and the [movant] may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Flowers*, 321 F.3d at 1256 (*quoting Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

In this case, Magistrate Judge Tafoya determined that because she recommended that all of Plaintiff's claims be dismissed, Plaintiff was unable to meet

the first factor for a preliminary injunction—substantial likelihood of success on the merits. Although I conclude that dismissal is warranted on different grounds than those upon which Magistrate Judge Tafoya based her recommendation, the analysis of Plaintiff's showing of the likelihood of success remains the same. I further note that Plaintiff has not demonstrated that the other three requirements "tip strongly in his favor" such that the "success on the merits" prong showing is reduced. *Id.* Therefore, I agree with Magistrate Judge Tafoya that denial of Plaintiff's motions for preliminary injunction is appropriate.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Tafoya issued August 21, 2008 (Docket No. 80) is accepted as modified.
2. Defendants' Motion to Dismiss (Docket No. 24) is granted.
3. Plaintiff's Motions for Preliminary Injunction (Docket Nos. 31, 61, 70, 75) are denied.
4. This case is dismissed with prejudice.

DATED at Denver, Colorado, on September 30, 2008.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge